**QI WEN XIE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–3071–ag.**

United States Court of Appeals, Second Circuit.

April 30, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Grace Victoria Calle Esq., Calle & Lee, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; James E. Grimes, Senior Litigation Counsel; Dimitri N. Rocha, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Qi Wen Xie, a citizen of the People's Republic of China, seeks review of a June 20, 2007 order of the BIA affirming the November 21, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo denying Xie's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Wen Xie*, No. A 79 307 498 (B.I.A. June 20, 2007), *aff'g* No. A 79 307 498 (Immig.Ct.N.Y.City, Nov. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007)(en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Xie argues that the IJ's adverse credibility determination was not supported by substantial evidence. We are not persuaded, however, that the record compels a finding contrary to the agency's in this case. Even if Xie was credible, his family-planning claim, which was based solely on his wife's alleged forced sterilization, fails under this Court's ruling in *Shi Liang Lin*, 494 F.3d at 305. *See Gui Yin Liu v. INS*, 508 F.3d 716, 720, 723 (2d Cir.2007). A petitioner whose spouse has been forcibly sterilized may still establish eligibility for relief if he himself demonstrated "other resistance" to China's family–planning policies and either suffered past persecution or has a well-founded fear of future persecution on account of that resistance. *See* 8 U.S.C. § 1101(a)(42). However, Xie has never argued that he suffered past persecution or feared future persecution on account of any "other resistance" he may have demonstrated. Moreover, the factual record in this case was "adequately developed" with respect to the

issue of "other resistance." *See Shu Wen Sun v. BIA*, 510 F.3d 377, 381 n. 5 (2d Cir.2007). Accordingly, there is no need to remand his case to the agency for further development of the record on that issue. *See id.*

■ However, remand is required on Xie's religious persecution claim.[2] The IJ erred in denying that claim based on his finding that Xie was not an "ardent" Catholic because he did not attend church during a forty-day period when he worked in Louisiana. The fact that Xie did not attend church during his stay in Louisiana does not, without more, demonstrate that he does not have a well-founded fear of persecution based on his religion. *Cf. Yose Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir.2006) (finding that "[b]oth history and common sense make amply clear that people can identify with a certain religion, notwithstanding their lack of detailed knowledge about the religion's doctrinal tenets, and that those same people can be persecuted for their religious affiliation").

■ Furthermore, the two Department of State reports in the record indicate that Catholics are subject to severe mistreatment in China. Yet, both the IJ and the BIA failed to address this material evidence.[3] *See Shou Yung Guo v. Gonzales*, 463 F.3d 109, 115 (2d Cir.2006) (holding that the agency has a duty to examine material evidence submitted in support of an applicant's claim); *see also Yan Chen*, 417 F.3d at 272–75 (reversing the IJ's denial of an asylum claim where he ignored the 2002 Department of State report supporting the Chinese respondent's claim

of religious persecution). We have held that the agency abuses its discretion when it fails to sufficiently examine an applicant's supporting documents, and it is not apparent that the agency "paid any attention" to them. *See Shou Yung Guo*, 463 F.3d at 115. Here, the agency's failure to address "self-evidently material evidence" in the record frustrates our ability to meaningfully review the question of whether the correct legal standard was applied. *See Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir.2006) (finding that "the IJ's explanation ... was insufficient to permit meaningful review of whether the IJ correctly applied the standards"). Accordingly, we remand so that the agency may further analyze Xie's religious persecution claim.

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part. The BIA's decision is VACATED in part, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. The IJ's adverse credibility determination did not extend to Xie's religious persecution claim. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir.2006).

3. It is possible that the agency concluded that it did not need to address such evidence where it had concluded that Xie lacked any

subjective fear of persecution on the basis of his religion. Absent an adverse credibility finding with respect to Xie's testimony concerning his religious practices, however, the agency was required to consider all of the material evidence in the record. *See Paul*, 444 F.3d 148, 156–57.